```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION

Hellmuth, Obata & Kassabaum, P.C.,  )
                                    )
                    Plaintiff,      )   Case No. 1:05-CV-592
                                    )
    v.                              )
                                    )
Board of Commissioners of Hamilton  )
 County, Ohio,                      )
                                    )
                    Defendant.      )
```

Memorandum and Order

This matter is before the Court on Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. Defendant brings the motion under the authority of Rule 12(b)(1), (3), and (6) of the Federal Rules of Civil Procedure. The sole basis for the motion is a forum selection clause in the contract between the parties upon which Plaintiff's claims in this matter are based.

In its complaint in this matter, Plaintiff acknowledges that the parties' agreement included a valid clause selecting the Hamilton County Court of Common Please as the forum for any litigation relating to the contract. Plaintiff alleges, however, that Defendant waived the forum selection clause. It notes that, after being sued in this Court in a related matter, Defendant considered impleading Plaintiff in that matter and asked Plaintiff whether it would waive the forum selection clause.

Plaintiff agreed to do so specifically in the event that Defendant impleaded it in the pending action in this Court. Defendant did not implead Plaintiff in that action.

Forum selection clauses are enforced "unless plaintiffs [can] clearly show that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." West Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1229 (6th Cir. 1995) (internal quotations omitted). The presumptive validity of a forum selection clause can also be set aside if Plaintiff can show that "'trial in the contractual forum will be so gravely difficult or inconvenient that it will for all practical purposes be deprived of its day in court'. . . or if 'enforcement would contravene a strong public policy' of the forum state." Id. at 1229-1230 (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 18 (1972)). See General Electric Co. v. G. Siempelkamp GmbH & Co., 29 F.3d 1095, 1099 (6th Cir. 1994).

As the Court has noted, Defendant attempts to enforce the forum selection clause through Rule 12(b)(1), (3), and (6) of the Federal Rules of Civil Procedure. As Judge Graham of this Court has noted "[t]here is conflicting authority as to how a motion to dismiss based upon a forum selection clause should be addressed procedurally." General Electric Co. v. G. Siempelkamp GmbH & Co., 809 F.Supp. 1306, 1308 (S.D. Ohio 1993), aff'd, 29 F.3d 1095 (1994). Moreover, as the Sixth Circuit has observed,

the authorities are in conflict as to whether federal or state law applies. See Interamerican Trade Corp. v. Companhia Fabricadora de Pecas, 973 F.2d 487, 489 (6th Cir. 1992). In Interamerican Trade Corp., the court noted that Ohio courts treat forum selection clauses in a similar manner as the federal courts, and applied federal law to the case before it. See id.

The applicability of Rule 12(b)(3) in a case in which a federal court would be a proper venue absent a forum selection clause is uncertain. At least one Ohio court has held explicitly that the parallel Ohio rule may not be applied in those circumstances. See EI UK Holdings, Inc. v. Cinergy UK, Inc., No. 22326, 2005 WL 662921 at *2 (Summit Cty. Ct. App. March 23, 2005). The Sixth Circuit held likewise on the facts before it in Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531 (6th Cir. 2002). Its decision in that case is not universally regarded as controlling authority on the question outside the factual scenario underlying it, however. See Navickas v. Aircenter, Inc., No. 1:02-CV-363, 2003 WL 21212747 (E.D. Tenn. April 10, 2003).

In any event, the Court need not apply Rule 12(b)(3). Rule 12(b)(6) affords Defendant the relief it seeks.

In General Electric, the district court considered a motion to dismiss on the basis of a forum selection clause under Rule 12(b)(6) and, having considered evidence outside the

3

pleadings, applied the standards applicable to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See General Electric, 809 F.Supp. at 1309 (citing Ohio National Life Insurance Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). Because Plaintiff has submitted evidence in support of its opposition to Defendant's motion, the Court will apply the Rule 56 standards in order to determine whether Plaintiff can demonstrate that Defendant waived the forum selection clause.

Rule 56(c) of the Federal Rules of Civil Procedure provides as follows:

> [Summary judgment] . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The purpose of a summary judgment motion is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978).

In 1986, the United States Supreme Court issued three decisions which gave new life to Rule 56 as a mechanism for weeding out certain claims at the summary judgment stage. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex

4

Corp. v. Catrett, 477 U.S. 317 (1986); and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). It is well recognized that these cases brought about a "new era" in summary judgment practice. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989). The three opinions by the Supreme Court reflect a return to the original purpose of the summary judgment motion. Id.

Accordingly, the summary judgment "standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-8 (emphasis in original). Moreover, when a party cannot establish the existence of an element essential to that party's case on which the party will have the burden of proof at trial, the Court must enter summary judgment against that party, pursuant to Rule 56. Celotex, 477 U.S. at 322. Thus, in order to survive a motion for summary judgment,

> [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."

Matsushita, 475 U.S. at 586-87 (emphasis in the original)

5

(footnote and citations omitted).

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Accordingly, mere allegations are not sufficient to defeat summary judgment. The Court can now apply this standard to the Defendant's motion to dismiss.

Plaintiff has not attempted to avoid enforcement of the forum selection clause in this instance on grounds of unreasonableness, inconvenience, fraud, overreaching, or contravention of strong public policy. Rather, it argues only that Defendant has waived the clause. None of its arguments in that regard are compelling.

Defendant has taken no action inconsistent with enforcement of the clause, and Plaintiff has done no more than indicate that it would have waived the clause if Defendant had impleaded it in another action in this Court. Because Defendant did not implead Plaintiff, no waiver by either party ever became

effective.  Plaintiff has not persuaded the Court that the forum selection clause is unenforceable on the basis of waiver.  The Court concludes, therefore, that it has not identified a genuine issue for trial.

Defendant's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 9) is, therefore, **GRANTED**.  This action is **CLOSED**.

**IT IS SO ORDERED.**

                                                                         /s/
                                    Sandra S. Beckwith, Chief Judge
                                    United States District Court